UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN LANE COPELAND,

    Petitioner,                                  Civil Action No. 22-cv-10466

v.                                               HON. MARK A. GOLDSMITH

KRISTOPHER TASKILA,

    Respondent.

_____/

**OPINION & ORDER
(1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1), (2)
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING
LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Darren Lane Copeland filed a pro se application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his conviction for carrying a concealed weapon, Mich. Comp. L. § 750.227; possession of less than 25 grams of a controlled substance, Mich. Comp. L. § 333.7403(2)(v)(a); felon in possession of a firearm, Mich. Comp. L. § 750.224f; two counts of possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. L. § 750.227b; and being a second felony habitual offender, Mich. Comp. L. § 769.10. For the reasons that follow, the petition for a writ of habeas corpus is denied.

**I. BACKGROUND**

Petitioner was charged with the above offenses in the 45th District Court in Oak Park, Michigan. A preliminary examination was conducted in that court. Following the preliminary examination, Petitioner's original defense counsel filed a motion to dismiss the charges on the ground that the police officer lacked reasonable suspicion to stop Petitioner's motor vehicle

1

because he did not commit the several civil infractions that the officer claimed as the basis for the stop. The trial court granted defense counsel's motion to dismiss the charges.

The prosecutor appealed the district judge's order to the Oakland County Circuit Court. The Oakland County Circuit Court reversed the district judge's decision to suppress the evidence and dismiss the case. People v. Copeland, No. 2018-165518-AR (Oakland Cty. Cir. Ct., Sept. 24, 2018) (Dkt. 13-7 at PageID.388–402). The Oakland County Circuit Court judge found that the district judge erred in dismissing the charges because the prosecutor had established that Petitioner violated two provisions of Michigan's motor vehicle code and thus the officer had reasonable grounds to stop the vehicle. Id. at PageID.397–399. The Oakland County Circuit Court judge further ruled that the district judge failed to determine the police officer's credibility concerning his testimony that he smelled the odor of marijuana, which, if true, would give the officer probable cause to extend the stop and search the vehicle. The case was remanded back to the district court for the judge to make that determination. If the district judge determined that the officer's testimony about the odor of marijuana coming from Petitioner's car was credible, she was to bind Petitioner over for trial. Id. at PageID.400–402.

Petitioner apparently retained new counsel at some point. Retained counsel did not attempt to appeal the Oakland County Circuit Court judge's decision to reinstate the charges nor did counsel follow through on having the case remanded to the 45th District Court for the district court judge to make a credibility determination as to the officer's testimony concerning the smell of marijuana coming from Petitioner's car. Instead, the Oakland County Prosecutor and Petitioner's counsel negotiated a plea bargain wherein Petitioner would plead guilty to all of the charges and be placed on a delayed sentence for eleven months with the understanding that if he successfully completed the various terms and conditions of the agreement, the two felony-firearm charges,

which carry a mandatory two-year prison sentence, would be dismissed. 2/27/19 Plea Tr. at PageID.171–173 (Dkt. 13-2). Petitioner agreed to plead guilty to the charges. Id. at PageID.173–180. In response to the judge's questions, Petitioner denied that anyone coerced him into pleading guilty. Id. at PageID.178.

On April 10, 2019, Petitioner was placed on delayed sentencing for eleven months. The judge informed Petitioner of the various conditions of his delayed sentencing, including that Petitioner was to refrain from using alcohol or drugs and he was to submit to random testing for drugs and alcohol. 4/10/19 Sentencing Tr. at PageID.187–189 (Dkt. 13-3).

The original sentencing date of March 11, 2020, was adjourned because trial counsel had been informed by the prosecutor that Petitioner failed to comply with all of the terms of the delayed sentencing. Defense counsel acknowledged that the Pre-Sentence Investigation Report indicated that there had been little compliance by Petitioner with the conditions of the delayed sentence. Counsel and Petitioner both informed the judge that Petitioner had several health issues that had made it difficult for Petitioner to comply with the conditions of the delayed sentence. 3/11/20 Sent. Tr. at PageID.193–196 (Dkt. 13-4).

On the next sentencing date, counsel asked for leniency for Petitioner, citing again to Petitioner's health problems. 3/25/20 Sentencing Tr. at PageID.201–203 (Dkt. 13-5). Petitioner also informed the judge that he had been unable to perform all of the requirements of the delayed sentence because of his health issues. Id. at PageID.203–204. Prior to sentencing Petitioner, the judge noted that Petitioner had tested positive for alcohol, failed to appear for testing, and discontinued himself from a program he was supposed to attend, thus failing to comply with the conditions of the delayed sentence. Id. at PageID.205. The judge sentenced Petitioner to two to seven and a half years in prison on the carrying a concealed weapons charge, one to six years on

the possession of controlled substances charge, two to seven and a half years on the felon in possession conviction, plus two years in prison on the felony-firearm convictions, the latter sentences to be served consecutively to the first two sentences. Id. at PageID.206–207.

Petitioner subsequently moved to withdraw his guilty plea, which the trial judge denied. People v. Copeland, Case No. 19-269935-FH (Oakland Cty. Cir. Ct. Jan. 28, 2021) (Dkt. 13-6).

Petitioner's conviction was affirmed. People v. Copeland, No. 356252 (Mich. Ct. App. Mar. 18, 2021); lv. den. 965 N.W. 2d 518 (Mich. 2021).

Petitioner now seeks habeas relief on the following grounds: (i) trial counsel was ineffective, (ii) Petitioner's Fourth Amendment rights were violated, and (iii) appellate counsel was ineffective.

## II. STANDARD OF REVIEW

Title 28 of the United States Code Section 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if

4

the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405–406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410–411. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

### III. ANALYSIS

#### A. Claim # 1. The Ineffective Assistance of Trial Counsel Claim.

Petitioner alleges he was denied the effective assistance of trial counsel because counsel (i) failed to file a rebuttal motion to the prosecutor's appeal of the district court judge's order of dismissal, (ii) failed to appeal the Oakland County Circuit Court judge's decision to reverse the suppression of the evidence and the dismissal of the charges by the district judge and failed to follow through with the circuit court order to remand the matter to the district judge to make a credibility determination regarding the officer, (iii) coerced Petitioner into pleading guilty by warning him that he could get seven years in prison if he went to trial and lost, (iv) failed to advise Petitioner of all of the terms and conditions of the delayed sentence, and (v) failed to introduce

5

Petitioner's medical records at sentencing in support of Petitioner's arguments that his health problems prevented him from complying with the terms and conditions of the delayed sentencing.

To establish ineffective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-part test. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. at 689. In other words, a defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Id. Second, the defendant must show that such performance prejudiced his defense. Id. at 687. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner initially claims that trial counsel was ineffective for failing to file a reply to the prosecutor's appeal of the district court judge's decision to dismiss the case. He further argues that counsel was ineffective for failing to appeal the Oakland County Circuit Court judge's decision to reverse the district court judge's order of dismissal and to reinstate the charges. Petitioner further argues that trial counsel was ineffective for not following through to have the district court judge on remand make a determination of whether the officer was credible in that he smelled the odor of marijuana coming from Petitioner's vehicle.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by

6

a guilty or no-contest plea. See Hawkins v. Rivard, No. 16-1406, 2016 WL 6775952, at *5 (6th Cir. Nov. 10, 2016); United States v. Stiger, 20 F. App'x 307, 309 (6th Cir. 2001); Siebert v. Jackson, 205 F. Supp. 2d 727, 733–734 (E.D. Mich. 2002). Petitioner's pre-plea ineffective assistance of counsel claims have been waived by his guilty plea.

Moreover, Petitioner failed to show that trial counsel was ineffective for advising him to accept the plea bargain for a delayed sentence rather than continuing to pursue the suppression issue either by appealing the circuit court's decision to reverse the district court's decision to dismiss the charges or by pursuing further proceedings on remand in the district court. The prosecutor and defense counsel worked out a plea bargain whereby Petitioner would go on delayed sentencing for eleven months and, if he completed the terms and conditions of the delayed sentence, the prosecutor would dismiss the two felony-firearm charges. Michigan's felony-firearm statute calls for a mandatory two-year prison sentence to be served consecutively to the underlying predicate felony offense or offenses. See Mich. Comp. L. § 750.227b(3). Mich. Comp. L. § 771.1(2) allows a court to delay sentencing. The statute allows a trial court to delay sentencing for up to one year for defendants who are eligible to receive probation. See People v. Smith, 852 N.W.2d 127, 131 (Mich. 2014). The purpose of Michigan's delayed sentencing statute is to "give the defendant an opportunity to prove to the court that he is worthy of probation or other leniency compatible with the ends of justice and rehabilitation." Id. (punctuation modified). Had Petitioner successfully completed the terms of his delayed sentence, the felony-firearm charges would have been dismissed, which would have allowed him to avoid mandatory prison time. The remaining charges that he pleaded guilty to are probationable offenses, in that none of them are offenses for which a defendant is ineligible to be placed on probation. See Mich. Comp. L. § 771.1(1) (indicating that a defendant is ineligible for probation for murder, treason, criminal sexual conduct

in the first or third degree, armed robbery, or major controlled substance offenses). As the Oakland County Circuit Court judge indicated in his opinion denying the motion to withdraw the guilty plea, Petitioner had stated at the initial sentencing that he was satisfied with the advice of his attorney and also remarked, "I just appreciate the offer for 11 months' probation. And I will make it through and continue to lead my life the right way." People v. Copeland, Case No. 19-269935-FH, at *14 (Oakland Cty. Cir. Ct. Jan. 28, 2021) (Dkt. 13-6 at PageID.222).

Defense counsel's decision not to file an appeal from the Oakland County Circuit Court judge's decision to reinstate the charges or to further pursue the suppression of the evidence on remand in the 45th District Court was a reasonable strategy, in light of the fact that counsel could have also been concerned that the plea bargain might not be offered or might be withdrawn if Petitioner continued to seek the suppression of the evidence, which would result in Petitioner facing a mandatory two year prison sentence on the felony-firearm charges if convicted after a trial. See, e.g., Davis v. Rapelje, 33 F. Supp. 3d 849, 862 (E.D. Mich. 2014); Rodriguez v. Warden, S. Ohio Corr. Facility, 940 F. Supp. 2d 704, 714 (S.D. Ohio 2013). In this case, defense counsel "had to weigh the benefits of pursuing the motion against the cost: having the motion denied and the prosecutor's offer souring." Davis, 33 F. Supp. 3d at 862.

Moreover, to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. Premo v. Moore, 562 U.S. 115, 129 (2011) (citing Hill v. Lockhart, 474 U.S. 52, 58–59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial."

8

Hill, 474 U.S. at 59. In cases where counsel advised a defendant to forego a motion to suppress and to instead accept a plea bargain, the Supreme Court has found:

> Deference to the state court's prejudice determination is all the more significant in light of the uncertainty inherent in plea negotiations described above: The stakes for defendants are high, and many elect to limit risk by forgoing the right to assert their innocence. A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence.

Premo, 562 U.S. at 129.

Moreover, on a claim of ineffective assistance of counsel based on a failure to move to suppress evidence, a petitioner must show that a suppression motion was meritorious and that, if the motion had been granted, he would not have pled guilty and would have insisted on going to trial. See Bradford v. United States, 520 F. Supp. 3d 991, 999 (M.D. Tenn. 2021).

In the present case, the Oakland County Circuit Court judge found that the district court judge had erred as a matter of law in dismissing the charges on the ground that there was no legal basis for the police to stop Petitioner's vehicle. The prosecutor claimed that Petitioner violated two provisions of Michigan's motor vehicle code, and thus the officer had reasonable grounds to stop the vehicle. See Dkt. 13-7 at PageID.397–399. True, the Oakland County Circuit Court judge remanded the matter to the district court for the district court judge to determine the police officer's credibility concerning his testimony that he smelled the odor of marijuana, which, if true, would give the officer probable cause to extend the stop. However, there was no guarantee that the district judge would have found the officer's testimony on this matter to be incredible and dismiss the charges again. Counsel had to weigh the decision to continue pursuing the suppression issue against the possibility that, had he done so and been unsuccessful, Petitioner would have lost the plea bargain in this case. This is a reasonable strategy that defeats Petitioner's claim.

Finally, the favorable plea bargain that Petitioner received also weighs against a finding that counsel was ineffective for advising a guilty plea. See Plumaj v. Booker, 629 F. App'x 662, 667 (6th Cir. 2015) (citing Pilla v. United States, 668 F.3d 368, 373 (6th Cir. 2012); Haddad v. United States, 486 F. App'x 517, 522 (6th Cir. 2012)). Indeed, "the Supreme Court has never held that the benefits of a plea agreement alone cannot suffice to answer the prejudice inquiry, namely whether 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. (quoting Hill, 474 U.S. at 59). Petitioner is not entitled to habeas relief on this ineffective assistance of counsel claim.

As a related claim, Petitioner argues that his trial counsel coerced him into pleading guilty by warning him that he faced seven years in prison if convicted after a trial.

Petitioner's claim that his counsel coerced him into pleading guilty is defeated by the fact that Petitioner stated on the record at the plea hearing that no threats or coercion had been made to get him to plead guilty. 2/27/19 Plea Tr. at PageID.178 (Dkt. 13-2). Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to Petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. See Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 750–751 (E.D. Mich. 2005).

Even if counsel advised Petitioner that he could receive up to seven years in prison if convicted after a trial, "accurate information regarding the possible ramifications of proceeding to trial cannot be construed as coercive. Rather, it is exactly the kind of accurate information regarding sentencing exposure which the defendant must have in order to make an informed decision about whether to accept a plea offer." U.S. v. Green, 388 F.3d 918, 923 (6th Cir. 2004). Petitioner was charged with carrying a concealed weapon and with felon in possession of a firearm,

both of which carry up to five years in prison. Petitioner was also charged with possession of a controlled substance, which carries up to four years in prison. Petitioner, however, was also a second felony habitual offender. Under Mich. Comp. L. § 769.10(1)(a), if a defendant has previously been convicted of a felony in Michigan, a judge may sentence the defendant to imprisonment for a maximum term that is not more than one and a half times the longest term prescribed for a first conviction of that offense or for a lesser term. As a result, Petitioner was facing up to seven and a half years on both the carrying a concealed weapon charge and felony in possession of a controlled substance charge plus up to six years on the possession charge, all to run concurrent with each other, and two years on the felony firearm charges, which would run consecutive to the three previous charges.[1] In Michigan, a minimum sentence cannot exceed two-thirds of the maximum sentence. See People v. Tanner, 199 N.W.2d 202, 204–205 (Mich. 1972). Because Petitioner could have been sentenced to up to five years on the minimum sentence for the carrying a concealed weapon charge and felon in possession charge, plus two years in prison on the felony-firearm charges, trial counsel's advice was an accurate appraisal of the penalties that Petitioner faced and was not coercive.

Petitioner next contends that trial counsel was ineffective for failing to inform him of all of the terms and conditions of the delayed sentence. At the original sentencing hearing, the judge informed Petitioner of the various conditions of his delayed sentence, including that Petitioner was to refrain from using alcohol or drugs and he was to submit to random testing for drugs and alcohol. 4/10/19 Sentencing Tr.at PageID.187–189 (Dkt. 13-3). Petitioner received adequate notice from the judge at sentencing about the terms and conditions of the delayed sentence; trial counsel was

---

[1] Michigan's felony-firearm statute calls for a mandatory two-year sentence to be served consecutively to the underlying predicate felony offense. See Mich. Comp. L. § 750.227b(3).

11

not ineffective for failing to inform Petitioner of the terms and conditions. See, e.g., Yorks v. Barrett, No. 2:16-cv-10926, 2016 WL 4537816, at *5 (E.D. Mich. Aug. 31, 2016) (counsel not ineffective for failing to ask judge to put all of the conditions of probation on the record where the petitioner was otherwise informed by the judge, the probation officer, and therapists that he would have to complete a sex offender program as a condition of his probation).

Petitioner lastly contends that trial counsel was ineffective for failing to offer Petitioner's medical records at his final sentencing hearing to excuse his noncompliance with the terms and conditions of probation.

The Oakland County Circuit Court judge rejected this claim when denying the motion to withdraw the guilty plea, noting that the argument about Petitioner's medical conditions had been made at sentencing. People v. Copeland, Case No. 19-269935-FH, at *19 (Oakland Cty. Cir. Ct. Jan. 28, 2021) (Dkt. 13-6 at PageID.227). The judge further indicated that the medical records would not change the fact that Petitioner did not comply with the terms and conditions of the delayed sentence:

> Completely ignored by the Defendant is the fact that he tested positive for alcohol. That circumstance alone negated the plea agreement. Medical records could not fix that. Any argument that his health somehow forced him to consume alcohol is preposterous. The best lawyer in the world cannot transfigure positive alcohol tests into water. As such, the plea agreement was broken, and all the other arguments are rendered moot and irrelevant.

Id. at *20 (Dkt. 13-6 at PageID.228).

Petitioner is not entitled to relief on this claim for two reasons.

First, counsel was not ineffective for failing to introduce the medical records at sentencing, because they were cumulative of the arguments made by counsel and Petitioner concerning his medical conditions. See Hartman v. Bagley, 492 F.3d 347, 360–361 (6th Cir. 2007) (counsel not

12

ineffective for failing to introduce psychologist's report at penalty phase of death penalty trial that was cumulative of other evidence and arguments offered at the penalty phase of the trial).

Secondly, the trial judge indicated in the opinion denying the motion to withdraw the plea that he was aware of Petitioner's medical conditions but concluded that they did not excuse Petitioner's consumption of alcohol in violation of the terms and conditions of the delayed sentence agreement.

Petitioner has failed to show that the judge would have imposed a lesser sentence had the medical records been introduced at his final sentencing. Petitioner is not entitled to relief on his first claim.

### B. Claim # 2. The Fourth Amendment Claim

Petitioner next contends that the evidence in this case should have been suppressed as the fruit of an unlawful stop, search, and seizure.

Respondent argues that the claim is unexhausted.

A habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. Granberry v. Greer, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated by a federal court on habeas review if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). A federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. See Cain v. Redman, 947 F.2d 817, 820 (6th Cir. 1991). Assuming that Petitioner's claim

13

is unexhausted, he would not be entitled to habeas relief. However, the Court will address the merits of the claim.

As an initial matter, Petitioner's Fourth Amendment claim was waived by his guilty plea. Petitioner's unconditional plea of guilty waives any Fourth Amendment challenges to the legality of his arrest or the search. See, e.g., United States v. Herrera, 265 F.3d 349, 351 (6th Cir. 2001) ("It is elemental that a guilty pleading defendant may not appeal an adverse pre-plea ruling on a suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with Fed. R. Crim. P. 11(a)(2)[.]"); see also U.S. v. Kirksey, 118 F.3d 1113, 1114–1115 (6th Cir. 1997). The Michigan Supreme Court has also held that an unconditional plea of guilty waives review of Fourth Amendment challenges to the legality of an arrest or a search. See People v. New, 398 N.W.2d 358, 363 (Mich. 1986).

Secondly, habeas review of a petitioner's arrest or search by state police is barred so long as the state provides a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. Stone v. Powell, 428 U.S. 465, 494–495 (1976); Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must provide, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the Fourth Amendment claim must not have been frustrated by a failure of that mechanism. Riley v. Gray, 674 F.2d 522, 526 (6th Cir. 1982). The sole relevant question is whether a habeas petitioner had an opportunity to litigate his claims, not whether he actually did so or even whether the Fourth Amendment claim was correctly decided. See Wynne v. Renico, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); rev'd on other grounds, 606 F.3d 867 (6th Cir. 2010). Under Stone, the correctness of a state court's conclusions involving a Fourth Amendment claim "is simply irrelevant." See Brown v. Berghuis, 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered

14

the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the Stone v. Powell bar.'" Id. (quoting Gilmore v. Marks, 799 F.2d 51, 57 (3rd Cir. 1986)).

Petitioner was able to litigate his Fourth Amendment claim before the district court judge and again before the Oakland County Circuit Court judge. Petitioner's claim is non-cognizable on habeas review.

### C. Claim # 3. The Ineffective Assistance of Appellate Counsel Claim

Petitioner alleges that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for waiving the remand to the district court for a further preliminary examination on the issue of the officer's credibility regarding the odor of marijuana. Petitioner also appears to argue that appellate counsel was ineffective for failing to raise an independent Fourth Amendment claim on direct appeal. Petitioner's third claim is also unexhausted but will be denied because is meritless.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. Evitts v. Lucey, 469 U.S. 387, 396–397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983).

With respect to trial counsel's ineffectiveness, appellate counsel alleged in her brief on appeal that trial counsel was ineffective for coercing Petitioner into pleading guilty without appealing the Oakland County Circuit Court's decision to reverse the district court judge and reinstate the charges. See Dkt. 13-7 at PageID.244–245, 252–255. Appellate counsel also raised this claim in her motion to withdraw the guilty plea and request for an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. Id. at PageID.286–293. Although appellate

15

counsel did not specifically address trial counsel's failure to pursue the suppression hearing on remand, she did raise a claim that trial counsel was ineffective for advising Petitioner to plead guilty rather than to further pursue the suppression issue. This issue was rejected by the Michigan Court of Appeals. Because appellate counsel's claim that trial counsel was ineffective for advising a guilty plea rather than to appeal the circuit court judge's decision to reinstate the charges was similar to a claim that trial counsel was ineffective for failing to follow through with the suppression issue on remand, appellate counsel was not ineffective. See Riley v. Jones, 476 F. Supp. 2d 696, 709–710 (E.D. Mich. 2007) (appellate counsel was not ineffective for not raising identification issue on direct appeal, since omitted issue was closely related to issue that appellate counsel did raise on appeal and that issue had been rejected as harmless error). This Court has already concluded that trial counsel was not ineffective in advising Petitioner to accept a favorable plea bargain rather than to continue to pursue the suppression issue on remand. Petitioner is unable to establish that appellate counsel was ineffective for any deficiency in raising his ineffective assistance of trial counsel claim on his direct appeal. See, e.g., Fautenberry v. Mitchell, 515 F.3d 614, 642 (6th Cir. 2008).

Petitioner also appears to argue that appellate counsel was ineffective for failing to raise his Fourth Amendment claim on his direct appeal. As mentioned above, Petitioner's guilty plea waived appellate review of this claim. An appellate counsel is not ineffective for failing to raise a claim on direct appeal that would be considered to have been waived by the defendant's guilty plea. See e.g. Thompson v. United States, 42 F. App'x 766, 768 (6th Cir. 2002). Petitioner waived the suppression issue through his unconditional plea; appellate counsel was not ineffective for failing to raise the suppression issue on Petitioner's direct appeal. Id.

16

### D. Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484–485 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336–337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; see also Strayhorn v. Booker, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to any of his claims. Accordingly, a certificate of appealability is not warranted in this case.

### E. Leave to Proceed In Forma Pauperis on Appeal

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a

17

certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764–765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed IFP on appeal. Id.

## IV.  CONCLUSION

For the reasons set forth above, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus, declines to issue a certificate of appealability, and grants Petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: January 24, 2025       s/Mark A. Goldsmith
Detroit, Michigan      MARK A. GOLDSMITH
     United States District Judge